UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JONATHAN PEREZ VAZQUEZ,

Petitioner,

v.

JOHN MATTOS, Nevada Southern Detention Center; RUBEN LEYVA; DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Dept. of Homeland Security; TODD BLANCHE, Acting U.S. Attorney General,

Respondents.

Case No. 2:26-cv-02375-ART-NJK

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 12)

Petitioner Jonathan Perez Vazquez has been detained in ICE custody since June 25, 2026. (ECF No. 1 at 3.) He brings this habeas petition (ECF Nos. 1-1; 12) to challenge his unlawful detention. The Court finds that Petitioner is entitled to immediate release because the Government denied him due process when it arrested him without a valid warrant. The Court now GRANTS the amended petition for habeas corpus and orders that Petitioner be immediately released.

## I. Background

Petitioner is a native and citizen of Mexico. (ECF No. 12 at 3.) He arrived in the United States on a B-2 visitor visa and lived in Las Vegas, Nevada for three years. (*Id.*) According to the Amended Petition, Petitioner has continuously lived in the United States since he entered the country at a port of entry in 2023. (*Id.*) The Government provided his I-213 Form indicating that he entered the United States at El Paso, Texas as a B2 visitor using a border crossing card. (ECF No. 12-1 at 3.) Petitioner remained in the country after the visa expired in February 2024. Later that year, he filed an I-589 Application for Asylum and for

Withholding of Removal that remains pending. (*Id.*)

On June 20, 2026, Petitioner was arrested and detained at the City of Las Vegas Detention Center for battery/domestic violence. (ECF Nos. 12 at 5, 12-1 at 3.) Petitioner pleaded guilty and received a suspended sentence, fines, domestic violence classes, and a mandate to stay out of trouble for one year. (ECF No. 12-1 at 6.) On June 25, 2026, ICE took Petitioner into custody. (ECF Nos. 12 at 5, 12-1 at 3.) On the same day, Petitioner was served with a Form I-200 Warrant for Arrest of Alien, a Form I-286 Notice of Custody Determination, a Form I-826 Notice of Rights and Request for Disposition, and a Form I-862 Notice to Appear. (ECF NO. 16-1 at 8-14.) Petitioner has remained in ICE detention since this date.

## II. Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that they are in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). As such, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003). The Court proceeds to review the Amended Petition.

## III. Administrative Exhaustion Does Not Preclude Granting Petition

Respondents argue that the Court should decline to review Petitioner's habeas challenge because he failed to appeal the immigration judge's bond

determination to the BIA and the Court lacks subject matter jurisdiction. (ECF No. 16 at 1, 3-4.) This argument fails.

In the context of habeas corpus claims, exhaustion of administrative remedies is a prudential requirement rather than a jurisdictional one, as it is not explicitly required by statute. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). "Exhaustion can be either statutorily or judicially required. If exhaustion is required by statute, it may be mandatory and jurisdictional, but courts have discretion to waive a prudential requirement." *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004). Neither the habeas statute, 8 U.S.C. § 2241, nor the relevant sections of the Immigration and Nationality Act ("INA") require petitioners to exhaust administrative remedies before filing petitions for habeas corpus; accordingly, administrative exhaustion here is prudential and the Court has discretion to waive it. *Id.* (citing *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001)).

Courts may waive prudential exhaustion if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing*, 370 F.3d at 1000 (citation omitted). Petitioner bears the burden of demonstrating at least one of the *Laing* factors applies. *See Ortega Rangel v. Sessions*, 313 F. Supp. 3d 993, 1003 (N.D. Cal. 2018).

Petitioner argued that waiting for the BIA to decide his appeal would cause irreparable harm or because it is futile. Alternatively, Petitioner suggests exhaustion should be waived. (ECF No. 12 at 7-8). The bond hearing took place on October 15, 2026, after the habeas petition and the Amended Petition were filed. (ECF No. 16-1 at 15.) In the Reply filed after the bond hearing, Petitioner argues that the amended petition can be granted based on the unlawful arrest and initial custody determination without having to resolve whether the immigration judge abused their discretion by denying bond. (ECF NO. 17 at 3-4.)

District courts in the Ninth Circuit routinely waive prudential exhaustion requirements for noncitizens facing prolonged detention while awaiting administrative appeals. *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1243–54 (W.D. Wash. 2025) (collecting cases). The Court finds Petitioner's arguments persuasive and thus finds waiver of prudential exhaustion is appropriate in this case.

**IV. Discussion**

Petitioner challenges his detention arguing that it violates the only applicable authority, 8 U.S.C. § 1226(a), and because it violates his due process rights under the Fifth Amendment's Due Process Clause. Petitioner specifically argues that the I-200 Form was not properly executed and signed by an authorized officer and therefore cannot establish probable cause for arrest and the subsequent detention.

**A. Detention under Section 1226(a)**

Respondents argue that if the Court is not inclined to dismiss the petition for failure to exhaust, it should be denied because Petitioner received a constitutionally adequate bond hearing under 8 U.S.C. § 1226(a) and he was found to be a flight risk. The parties agree that Section 1226 applies, which provides that a noncitizen "may be arrested and detained" "[o]n a warrant issued by the Attorney General" pending a decision on removal. 28 U.S.C. § 1226(a).

Section 1226(a) and its implementing regulations guarantee noncitizens detained under that provision multiple levels of "substantial procedural protections" against the erroneous deprivation of their liberty. *See Jacobo-Ramirez v. Mullin*, 834 F. Supp. 3d 1073, 1091 (D. Nev. 2026) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)). "These protections include, but are not limited to, four key procedures for the purposes of this analysis: (1) service of a notice to appear, which provides critical context as to the basis for detention; (2) any arrest and custody under this provision must be pursuant to

a lawfully executed administrative warrant; (3) at the outset of detention, a noncitizen detained under this provision receives an initial custody determination by the agency; and (4) the noncitizen then has an ability to appeal said custody determination—i.e., receive a custody redetermination (bond) hearing before an immigration judge ("IJ")." *Rios-Rodriguez v. Blanche*, No. 2:26-cv-02117-RFB MDC, 2026 WL 2280924, at *4 (D. Nev. Aug. 7, 2026) (citing *Rodriguez Diaz*, 53 F.4th at 1201–02).

Petitioner alleges procedural defects related to his arrest and detention. On June 25, 2026, the day that he was taken into ICE custody, Petitioner was served a notice to appear and administrative warrant. Petitioner also received and signed an I-286 Notice of Custody Determination and a Form I-826 Notice of Rights and Request for Disposition on which he checked the box asking for an immigration judge to review his custody determination. (ECF No. 16-1 at 8-14.) Petitioner received a custody redetermination (bond) hearing before an immigration judge on October 15, 2026. (ECF 16-1 at 15-16.) Petitioner alleges that the administrative warrant is invalid and challenges the existence or adequacy of any pre-deprivation custody determination that followed.

**B. Procedural Due Process**

Respondents argue that Petitioner's "due process rights have been vindicated" and the petition should be denied. (*Id.* at 13.) Respondents state that Petitioner had a bond hearing on October 15, 2026, where the immigration judge determined Petitioner was a flight risk based on his lack of ties to the United States, lack of property in the country, and the removal order. (ECF No. 16 at 2.) As Petitioner notes, Respondents fail to acknowledge or contest the argument that the I-200 warrant was not lawfully executed. (ECF No. 17 at 5.)

The Fifth Amendment imposes procedural "constraints on governmental decisions which deprive individuals of" their liberty. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "The fundamental requirement of due process is the

opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews*, 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). To determine whether governmental action violates due process, courts consider three distinct factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the [g]overnment's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* at 335 (citing *Goldberg v. Kelly*, 397 U.S. 254, 263-71 (1970)). Courts apply the *Mathews* test to evaluate whether immigration detention violates due process. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1203-07 (9th Cir. 2022) (applying *Mathews* in the context of immigration detention).

The Court proceeds to apply the *Mathews* test to determine whether Respondents violated Petitioner's procedural due process rights by failing to issue a valid administrative warrant before his arrest. *See Rios-Rodriguez*, 2026 WL 2280924, at *5.

**1. The private interest affected.**

The first *Mathews* factor considers "the private interest that will be affected by the official action[.]" *Mathews*, 424 U.S. at 335; *see also Rodriguez Diaz*, 53 F.4th at 1208 (considering, as part of the private liberty interest under *Mathews*, the process an immigration detainee received prior to his detention under § 1226(a)). Freedom from detention "is the most elemental" of private interests affected by official action. *Hamdi*, 542 U.S. at 529; *see Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects.").

Mr. Perez Vazquez lived in Las Vegas, Nevada for three years before his

arrest. In the criminal battery/domestic violence case, bail was set and Petitioner pled guilty and received a suspended sentence before being taken into immigration custody. Petitioner was served on June 25, 2026, with an I-200 Warrant for Arrest and an I-862 Notice to Appear along with other documents.

The I-200 Warrant for Arrest was signed by "F 8936 Marquez – Deportation Officer." (ECF No. 16-1 at 8.) The I-862 Notice to Appear[1] ordered Petitioner to appear before an immigration judge as a removable alien for overstaying his visa in violation of "Section 237(a)(1)(B) of the Immigration and Nationality Act" for remaining "in the United States for a time longer than permitted." The Notice to Appear is also signed by "F 8936 Marquez – Deportation Officer" and the Certificate of Service on the I-862 is signed by a different officer, "K11040 Hallegado – Deportation Officer." (ECF No. 16-1 at 12, 14.)

"Section 1226 is not even triggered unless an arrest warrant is issued and if an alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered." *Djiwaje v. Bondi*, No. 2:26-CV-00344-RFB-MDC, 2026 WL 926753, at *3 (D. Nev. Apr. 6, 2026) (alterations accepted) (citations omitted). "A warrant of arrest may be issued only by those immigration officers listed in § 287.5(e)(2)" and may only be served by those listed in § 287.5(e)(3). 8 C.F.R. § 236.1(b)(1). Included in the list of those "authorized or delegated" to issue a warrant for an immigration violation are a "Supervisory deportation officer" and "Supervisory detention and deportation officer." 8 C.F.R. § 287.5(e)(2). "A properly

---

[1] In removal proceedings, the notice to appear serves as written notice of the nature of the proceedings, the legal authority, the acts or conduct alleged, the charges against the noncitizen, and the time and place at which the proceedings will be held. 8 U.S.C. § 1229(a)(1). The immigration judge requires the noncitizen "to plead to the notice to appear by stating whether he or she admits or denies the factual allegations and his or her removability under the charges contained therein." 8 C.F.R. § 1240.10(c). The notice to appear must include the time-and-place information. *Pereira v. Sessions*, 585 U.S. 198, 211 (2018).

signed and served I-200 administrative warrant represents a finding by an authorized supervisory officer that there is probable cause to believe a specific individual is removable from the United States." *Jacobo-Ramirez v. Mullin*, 834 F. Supp. 3d 1073, 1117 (D. Nev. 2026) (citation omitted).

A deportation officer without the supervisory title, such as in this case, is not listed as authorized to *issue* a warrant, only to *serve* or *execute* a warrant if they "have successfully completed basic immigration law enforcement training." 8 C.F.R. § 287.5(e)(3). Further, Respondents have not indicated that a deportation officer has been delegated authority to act on behalf of the Secretary of Homeland Security under 8 C.F.R. § 2.1, after having "successfully completed any required immigration law enforcement training." 8 C.F.R. § 287.5(e)(2)(liii).

"Courts in this jurisdiction have consistently found that the failure to follow the procedural protections surrounding arrest warrants are violations of the statutory and due process rights of noncitizens." *Loreni Mendez v. Blanche*, No. 2:26-CV-01854-MMD-BNW, 2026 WL 3181693, at *3 (D. Nev. Oct. 23, 2026) (collecting cases). "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). It follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *Djiwaje*, 2026 WL 926753, at *3 (citations omitted). Without a valid warrant, the arrest and subsequent detention were unlawful based on the failure of Respondents to follow their own regulations and requirements. In light of its finding that the administrative warrant was invalid, the Court declines to reach Petitioner's challenge to the adequacy of any pre-deprivation custody determination.

Petitioner's liberty interest is weighty considering Respondents' failure to follow their own regulations to issue a properly executed warrant. Accordingly, the first *Mathews* factor weighs in favor of Mr. Perez Vazquez based on his strong private interest in being free from immigration detention.

**ii. The risk of erroneous deprivation is high.**

The second *Mathews* factor requires considering "the risk of an erroneous deprivation of [Mr. Perez Vazquez's] interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." *Mathews*, 424 U.S. at 335. As stated above, section 1226(a) guarantees numerous procedural safeguards that protect against the erroneous deprivation of liberty, *Rodriguez Diaz*, 53 F.4th at 1210, and the issuance of a warrant is one such "necessary condition to justify discretionary detention under section 1226(a)." *Joaquin Q. L. v. Bondi*, No. 26-CV-233 (LMP/DTS), 2026 WL 161333, at *2 (D. Minn. Jan. 21, 2026) (collecting cases). With no lawful I-200 administrative warrant issued, "the only remaining justification for Petitioner's arrest under the relevant provisions of the INA is 8 U.S.C. § 1357(a)(2)'s warrantless arrest exception, which requires a showing that [Mr. Perez Vazquez] was 'likely to escape before a warrant could be obtained.'" *Djiwaje*, 2026 WL 926753, at *4 (quoting 8 U.S.C. § 1357(a)(2)). Respondents do not argue that it was a warrantless arrest and have failed to show that Petitioner was likely to escape at the time of the arrest and before a warrant could be obtained.

The Court finds that the risk of erroneous deprivation is high where, like here, a petitioner is detained without a properly executed warrant. Therefore, the second *Mathews* factor weighs in favor of Petitioner.

**iii. The government's interest.**

The third *Mathews* factor is the "government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

The government's interest in enforcing immigration laws, while considerable, is served by the present statutory scheme under section 1226(a) and does not outweigh Petitioner's interest. The government has a recognized interest in "protecting the public from dangerous criminal" noncitizens and

"securing [a noncitizen's] ultimate removal." *Rodriguez Diaz*, 53 F.4th at 1208. Those interests are served by the procedural protections afforded under section 1226(a), including the requirement of a valid administrative warrant justifying detention. 8 C.F.R. § 236.1 ("At the time of issuance of the notice to appear . . . the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest.").

For the foregoing reasons, the Court finds that all three *Mathews* factors weigh in favor of Mr. Perez Vazquez. Petitioner's continued detention without the issuance of a valid warrant to prompt the arrest under § 1226(a) violates due process and is unconstitutional.

**V. Remedy**

Having found that Petitioner was subjected to erroneous detention in violation of his statutory rights and due process rights under the Fifth Amendment, the Court exercises its discretion to fashion an appropriate remedy. *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013) ("In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief."); *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief."). The Court finds "the typical remedy" for "unlawful executive detention"—immediate release from custody—is appropriate here. *See Munaf v. Green*, 553 U.S. 674, 693 (2008).

Courts have found that immediate release is an appropriate remedy where a petitioner was denied a pre-deprivation hearing despite receiving a post-deprivation custody redetermination hearing before an immigration judge. *Garcia v. Mattos*, No. 2:26-CV-01205-RFB-BNW, 2026 WL 1972386, at *6 (D. Nev. July 8, 2026) (finding release appropriate remedy when petitioner was denied pre-deprivation process afforded under § 1226(a), despite post-deprivation bond hearing); *Lopez Esteban,* 2:26-cv-02548-JHC, 2026 WL 2686824 (W.D. Wash. Sept 14, 2026) (same); *Rodriguez Rodriguez,* 2026 WL 2641448 at *3 (same).

Accordingly, the Court finds that Petitioner's immediate release is the appropriate remedy.

## VI. Conclusion

It is therefore ORDERED that Petitioner's amended petition (ECF No. 12) is GRANTED.

It is further ORDERED that Respondents must **RELEASE** Petitioner from detention ON PERSONAL RECOGNIZANCE on November 24, 2026, between the hours of 12:00 and 3:00pm PST. Counsel for Petitioner (or their designee/agent) will be permitted to wait in the Federal Justice Tower lobby during the release window.

It is further ORDERED that Respondents are PROHIBITED from imposing additional release conditions that substantially interfere with Petitioner's liberty, such as re-detention, electronic ankle monitoring, or enrollment in the ISAP and ATD programs, without having established the reasonableness of those restrictions by clear and convincing evidence at a pre-deprivation hearing.

It is further ORDERED that the Parties must file a **JOINT STATUS REPORT** by November 30, 2026, confirming Respondents' compliance with this Order including (i) the date and time of Petitioner's release; (ii) compliance with this Court's directives concerning release on personal recognizance; and (iii) the return of Petitioner's personal property.

The case is closed.

Dated this 23rd day of November 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE